## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF FLORIDA

PENSACOLA MOTOR SALES, INC.,
a Florida Corporation, d/b/a
BOB TYLER TOYOTA,

      Plaintiff,

v.                               CASE NO.:  3:09-CV-00571-CIV-RS-MD

EASTERN SHORE TOYOTA, LLC.,
An Alabama Limited Liability Company,
DAPHNE AUTOMOTIVE, LLC.,
An Alabama Limited Liability Company,
DAPHNE ENTERPRISES, INC.,
An Alabama corporation, and
SHAWN ESFAHANI,
An individual,

      Defendants.

_____/

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

      Defendants, Eastern Shore Toyota, LLC, Daphne Automotive, LLC, Daphne Enterprises, Inc. and Shawn Esfahani, (hereinafter "Defendants") by and through undersigned counsel, requests that this Court instruct the jury on the substantive elements of the claims and defenses on this case as set forth below.

      Defendants further respectfully request the right to supplement and amend these Jury Instructions at the conclusion of trial, as well as to submit General or Special Verdict Forms and Jury Interrogatories as necessary.

Dated this 17th day of September, 2010.

/s/ J. Nixon Daniel, III
J. NIXON DANIEL, III
Florida Bar No. 228761
BEGGS & LANE, RLLP
P. O. Box 12950 (32591-2950)
501 Commendencia Street
Pensacola, Florida 32502
Telephone: (850) 432-2451
Facsimile: (850) 469-3331

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2010, I served a copy of the foregoing to all attorneys of record by electronically filing the foregoing document with the United States District Court for the Northern District of Florida, which will send notice of such filing to:

Patrick V. Douglas
John S. Derr
Quintairos, Prieto, Wood & Boyer, P.A.
215 South Monroe Street, Suite 510
Tallahassee, FL 32301-1804

&

Frank Herrera
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Boulevard, 4th Floor
Miami, FL 33156

/s/ J. Nixon Daniel, III

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTIONS**

## DEFENDANTS' PRELIMINARY INSTRUCTION NO. 1[1]

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact. I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision. The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial. The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for

---

[1] Additions/insertions to the Eleventh Circuit Pattern Jury Instructions (Civil cases) 2005 (Preliminary Pattern Jury Instruction) are in boldface.

having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note taking and may not wish to do so.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law. Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television, radio, **or Internet comments** about the trial.

**There will be testimony regarding websites of the two parties as well as references to other matters involving the Internet. You must not visit any of the websites of the parties or conduct any Internet searches with regard to any of the parties, or any other matter involving this case.**

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you

draw any inferences or conclusions from the question itself. During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you

either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

---

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Preliminary Instructions (modified to fit circumstances of the case)

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

**DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED FINAL JURY INSTRUCTION NO. 1

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

_____

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Basic Instruction 1

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

<u>**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 2**</u>

**Consideration Of The Evidence—Duty To Follow Instructions— Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Although statements and arguments of counsel are not evidence in the case, when the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proof.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

---

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Instruction 2.2 (modified)

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 3

### Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

_____

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Instruction 3

Given          _____
Rejected        _____
Modified        _____
Withdrawn       _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 4

### Impeachment of Witness – Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

_____

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Instruction 4.1

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 5

### Depositions – Use as Evidence

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of certain witnesses was taken prior to trial. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

---

Citation of Authority:

Ninth Circuit Model Jury Instructions 2007, 2.4 Deposition in Lieu of Live testimony

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 6

### Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

———————————————————

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Instruction 6.1

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 7

Plaintiff has brought claims against all Defendants for unfair competition, false advertising, cybersquatting, dilution under Florida law, Florida unfair competition, and violation of Florida Statute 668,701, et seq.  Defendants deny that the Plaintiff is entitled to relief and specifically contend that they did not act in bad faith.

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 8

To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods.

In this case, the Plaintiff contends that the defendants have infringed the Plaintiff's trademark. The Plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendant infringed the plaintiff's trademark.

_____

Citation of Authority:

Ninth Circuit Model Jury Instructions 2007, 15.0, Preliminary Instruction – Trademark (modified)

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

18

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 9

Plaintiff must prove by a preponderance of the evidence that its "BOB TYLER" trademark is valid. A valid trademark is a word, symbol, or device that is either:

1. inherently distinctive; or

2. descriptive, but has acquired a secondary meaning.

Only a valid trademark can be infringed. Only if you determine plaintiff proved by a preponderance of the evidence that the "BOB TYLER" trademark is a valid trademark should you consider whether Plaintiff owns it or whether Defendants' actions infringed it.

Only if you determine that the "BOB TYLER" trademark is not inherently distinctive should you consider whether it is descriptive but became distinctive through the development of secondary meaning, as I will direct in Instruction No. 12.

_____

Citation of Authority:

Ninth Circuit Model Jury Instructions 2007, 15.8, Infringement – Elements – Validity – Unregistered Mark (modified)

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 10

If you determined in Instruction No. 10 that the "BOB TYLER" trademark is descriptive, you must consider the recognition that the mark has among prospective purchasers. This market recognition is called the trademark's "secondary meaning."

A word, symbol, or term acquires secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective purchasers is not the product itself, but the identification of the product with a single source, regardless of whether consumers know who or what that source is. You must find that the preponderance of the evidence shows that a significant number of the consuming public associates the "BOB TYLER" trademark with a single source, in order to find that it has acquired secondary meaning.

You may consider the following factors when you determine whether the "BOB TYLER" trademark has acquired a secondary meaning:

1. Purchaser Perception. Whether the people who purchase the service that bears the claimed trademark associate the trademark with the owner;

2. Advertisement. To what degree and in what manner the owner may have advertised under the claimed trademark;

3. Demonstrated Utility. Whether the owner successfully used this trademark to increase the sales of its service;

4. Extent of Use. The length of time and manner in which the owner used the claimed trademark;

5. Exclusivity. Whether the owner's use of the claimed trademark was exclusive;

6. Copying. Whether the defendant intentionally copied the owner's trademark;

7. Actual Confusion. Whether the defendant's use of the plaintiff's trademark has led to actual confusion;

Descriptive marks are protectable only to the extent you find they acquired distinctiveness through secondary meaning. Descriptive marks are entitled to protection only as broad as the secondary meaning they have acquired, if any. If they have acquired no secondary meaning, they are entitled to no protection and cannot be considered a valid mark.

The plaintiff has the burden of proving that the "BOB TYLER" trademark has acquired a secondary meaning. The defendant has the burden of proving that the "BOB TYLER" trademark lacks a secondary meaning.

The mere fact that the plaintiff is using "BOB TYLER," or that the plaintiff began using it before the defendant, does not mean that the trademark has acquired secondary meaning. There is no particular length of time that a trademark must be used before it acquires a secondary meaning.

Citation of Authority:

Ninth Circuit Model Jury Instructions 2007, 15.10, Infringement – Elements – Validity – distinctiveness – Secondary Meaning

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 11

### Unfair Competition – Elements

Plaintiff's has the burden of proving each of the following by a preponderance of the evidence in order to prevail on its claim for unfair competition:

1. That Defendants used the name "BOB TYLER" trademark, or confusingly similar variations thereof, in connection with the sale of goods and services;

2. That the Defendants' of "BOB TYLER" or confusingly similar variations thereof is likely to cause confusion as to the affiliation, connection, or association of Defendants with Plaintiff; or as to the sponsorship or approval of Defendants' goods or services by Plaintiff; and

3. That Plaintiff was damaged by the actions of the Defendants.

If you find that each of these things has been proved, your verdict should be for Plaintiff on its unfair competition claim. On the other hand, if any of these things has not been proven, your verdict should be for Defendants.

---

Citation of Authority:

15 U.S.C. § 1125(a)(1); American Speedy Printing Centers, Inc. v. Sir Speedy, Inc., U.S.P.Q.2d 1974 (M.D. Fla 1192); Contemporary Rest. Concepts, Ltd. v. Las Tapas-Jacksonville, Inc., 753 F. Supp. 1560 (M.D. Fla. 1991).

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 12

### Intentional Infringement

If you find that the Defendants infringed the Plaintiff's trademark, you must also determine whether the Defendants used the trademark intentionally, knowing that to do so was an infringement.

Citation of Authority:

<u>Modern Federal Jury Instructions-Civil</u>, 86A-25 (Matthew Bender); 15 U.S.C. § 1117(a); Ninth Circuit Model Jury Instructions 2007, 15.27.

Given  _____
Rejected _____
Modified _____
Withdrawn _____

## <u>DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 13</u>

### Unfair Competition – Alternate Theories of Liability

To establish a claim for false advertising under the Lanham Act, the Plaintiff must demonstrate the following: (1) the advertisements of the Defendants were false or misleading, (2) the advertisements deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or service affects interstate commerce, and (5) the Plaintiff has been injured as a result of the false advertising."

---

Citation of Authority:

Chassis Master Corp. v. Mister Chassis Inc., 610 F. Supp. 473, 479 (S.D. Fla. 1985); American Heritage Life Insurance Co. v. Heritage Life Insurance Co., 494 F.2d 3, 14 (5th Cir. 1974); North American Medical Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1223 (11th Cir. 2008)

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 14

### Cybersquatting

Plaintiff asserts that Defendants are liable for cybersquatting under the Anticybersquatting Consumer Protections Act ("ACPA") for registering the domain names:

- www.bobtylersuzukiquotes.com,
- www.bobtylerprices.com,
- www.bobtylertotyotaprices.com,
- www.bobtylerquotes.com,
- www.bobtylertoyotapreowned.com,
- www.bobtylertoyotainventory.com,
- www.bobtylerusedsuzuki.com,
- www.bobtylerusedcarquotes.com,
- www.bobtylerusedcars.com,
- www.bobtylerpreowned.com,
- www.bobtylertoyotaquotes.com,
- www.bobtylertoyotausedcars.com,
- www.tyletoyota.com, and
- www.tylrtoyota.com

A defendant is liable for cybersquatting when it: (1) has a bad faith intent to profit from the plaintiff's mark and (2) registers, traffics in, or uses a domain name that is (3) identical or confusingly similar to the plaintiff's mark. To determine whether Defendants' domain names are confusingly similar to Plaintiff's "BOB TYLER" mark, you are instructed to use the seven-factor likelihood of confusion test explained earlier.

To determine whether Defendants had a bad faith intent to profit from Plaintiff's "BOB TYLER" mark you should consider any evidence of Defendants' bad faith presented during trial. You may also consider the following nonexclusive list of nine factors:

(1) the trademark or other intellectual property rights of the person, if any, in the domain name;

(2) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;

(3) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(4) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(5) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(6) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

(7) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

(8) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

(9) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

The nine enumerated factors are not applicable in every case, and you are not required to apply them mechanically or in a certain order.

Bad faith intent shall not be found, however, if you find that the defendant believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful regardless of the existence of any of the factors listed above.

---

Citation of Authority:

15 U.S.C. § 1125(d); <u>Virtual Works, Inc. v. Volkswagen</u>, 238 F.3d 264, 269 (4th Cir. 2001).

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 15

### Cybersquatting – Damages

If you find Defendants liable under the ACPA, then you should award Plaintiff's damages under that law as well. Plaintiff has elected statutory damages as its monetary remedy. You may award not less than $1,000 and not more than $100,000 for each of the domain names registered and/or used by Defendants that you find have infringed any of Plaintiff's "BOB TYLER" trademark. The amount awarded should be just and reasonable under the circumstances.

---

Citation of Authority:

15 U.S.C. § 1125(d); Virtual Works, Inc. v. Volkswagen, 238 F.3d 264, 269 (4th Cir. 2001); FieldTurf, Inc. v. Triexe Mgmt. Group, Inc., 69 USPQ 2d 1861, 1863 (N.D. Ill. 2003).

Given            _____
Rejected         _____
Modified         _____
Withdrawn        _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 16

### Florida Statute §668.701 et seq.

Plaintiff has asserted a claim for violation of Florida Statute §668.701 et seq., specifically §668.703(1).

To be liable under the statute, a defendant must: 1) represent itself, directly or by implication, to be another person through the use of a web page or Internet domain name; 2) induce, request, or solicit a resident of this state to provide identifying information; and 3) must have intent to engage in conduct involving the fraudulent use or possession of another person's identifying information.

Citation of Authority:

15 U.S.C. § 1125(d); Virtual Works, Inc. v. Volkswagen, 238 F.3d 264, 269 (4th Cir. 2001); FieldTurf, Inc. v. Triexe Mgmt. Group, Inc., 69 USPQ 2d 1861, 1863 (N.D. Ill. 2003).

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 17

### Duty To Deliberate

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

_____

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Instruction 7.2.

Given            _____
Rejected         _____
Modified         _____
Withdrawn        _____

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 18

### Election of Foreperson- Explanation of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

**[Explain verdict]**

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

_____

Citation of Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, Instruction 8.

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____