IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PENSACOLA MOTOR SALES,**
a Florida corporation, d/b/a
**BOB TYLER TOYOTA,**

    **Plaintiff,**

v.                                    **Case No.** 3:09cv571/RS-MD

**EASTERN SHORE TOYOTA, LLC,**
an Alabama Limited Liability Company;
**DAPHNE AUTOMOTIVE, LLC,** an
Alabama Limited Liability Company;
**SHAWN ESFAHANI, Individually;**
and **DAPHNE ENTERPRISES, INC.,**
an Alabama Corporation,

    **Defendants.**

_____/

## **ORDER**

Before me are Defendants' motion for summary judgment (Doc. 80) and Plaintiff's motion for summary judgment (Doc. 87).

### **I. STANDARD OF REVIEW**

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a

1

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

The following are the undisputed material facts of the case. Plaintiff Pensacola Motor Sales, Inc., does business as Bob Tyler Toyota. Defendant Shawn Esfahani is an individual Defendant, as well as President and majority

stockholder of the defendant corporations Eastern Shore Toyota, LLC, and Daphne Enterprises, Inc.

Defendants registered the following domain names without Plaintiff's authorization:

www.bobtylersuzukiquotes.com
www.bobtylerprices.com
www.boytylertoyotaprices.com
www.bobtylerquotes.com
www.bobtylertoyotapreowned.com
www.bobtylertoyotainventory.com
www.bobtylerusedsuzuki.com
www.bobtylerusedcarquotes.com,
www.bobtylerusedcars.com
www.tyletoyota.com
www.tylrtoyota.com

These domain names were set up to re-direct internet traffic to Defendants' website, www.easternshoretoyota.com. They included the "Bob Tyler" trademark and a copyright notice. The website www.bobtylertoyotaquotes.com featured a "vehicle quote application" where internet users could input personal information and obtain a quote on purchasing Defendants' vehicles. Plaintiff sent a cease and desist letter regarding the domains names, and as of February 3, 2010, all of the domain names were surrendered.

Defendants also purchased "ad words" that contained "Bob Tyler" from internet search engines such as Google. When an ad word is purchased, the search

engine will cause the purchaser's ad to show up in the right-hand column of the website in a list of advertisements, next to the list of websites that result from the search that are displayed in the center of the page. In addition to domain names and ad words containing "Bob Tyler," Defendants also purchased domain names and ad words containing the names of their other competitors.

Plaintiff's complaint alleges six counts against Defendants:

1. false advertising under the Lanham Act,
2. unfair competition under the Lanham Act,
3. violation of the Anti-Cybersquatting Consumer Protection Act,
4. unfair competition under Florida law,
5. violation of Fla. Stat. § 495.15, and
6. violation of Fla. Stat. § 668.704.

Defendants have moved for summary judgment on all counts of the amended complaint. Plaintiff has moved for summary judgment on all counts except count V.

## III. ANALYSIS

### A. Count I: False Advertising

Count I of the complaint alleges Defendants participated in false advertising under the Lanham Act, as codified in 15 U.S.C. § 1125(a). To establish a false advertising claim under § 1125(a), a Plaintiff must demonstrate:

> "(1) the ads of the opposing party were false or misleading, (2) the ads deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or service affects interstate commerce, and (5) the movant has been-or is likely to be-injured as a result of the false advertising." *North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1224 (11th Cir. 2008).

Defendants argue that they are entitled to summary judgment on count I because Plaintiff failed to prove actual confusion and produce evidence that it has suffered damage as a result of the unauthorized use of its mark. However, it is clear that actual confusion and damages are not required under § 1125(a). Capacity to deceive and likelihood of injury are sufficient. *North American Medical Corp.* at 1224. Therefore, summary judgment is not appropriate for Defendants on count I.

Plaintiff argues that it is entitled to summary judgment on count I because all of the requirements of a false advertising claim are satisfied under its version of the facts. However, Defendants dispute Plaintiff's factual assertions and argue that the requirements of § 1125(a) have not been met. Therefore, genuine issues of material fact remain and summary judgment is not appropriate for Plaintiffs on count I.

## B. Count II: Unfair Competition

Count II of the complaint alleges unfair competition also under the Lanham Act. Defendants first argue that they are entitled to summary judgment on count II for the same reasons as they argued in count I: that Plaintiff has not established actual confusion or proven damage as a result of the unauthorized use of its mark.

A showing of actual confusion is not essential to recovery in a claim for unfair competition. *Bauer Lamp Co., Inc. v. Shaffer,* 941 F.2d 1165, 1171 (11th Cir. 1991). All that is required is proof of the likelihood of confusion. *Id.* at 1172. To determine if there is a likelihood of confusion in a trademark infringement action, the Eleventh Circuit considers seven factors: "(1) type of mark, (2) similarity of mark, (3) similarity of the products the marks represent, (4) similarity of the parties' retail outlets and customers, (5) similarity of advertising media used, (6) defendant's intent and (7) actual confusion." *Dieter v. B & H Industries of Southwest Florida, Inc.*, 880 F.2d 322, 326 (11th Cir. 1989). Plaintiff has presented evidence of six of the seven factors, therefore summary judgment is not appropriate for Defendants on the likelihood of confusion issue. In addition, the plain language of the statute does not require that actual damage occur before relief is granted—only that the person bringing the action believes that he is "likely to be

damaged." 15 U.S.C. § 1125(a)(1).  Therefore, Defendants' arguments again fail as they did on count I.

Defendants also argue they are entitled to summary judgment on count II because Plaintiff has not yet been granted the rights to a trademark, it has only applied to be registered.  However, under the Lanham Act registration is not necessary.  *Bauer Lamp Co., Inc. v. Shaffer*, 941 F.2d 1164, 1171 (11th Cir. 1991).  Trademark protection, unlike copyright protection, accrues with use, not registration.  *Id.*

Finally, Defendants argue they are entitled to summary judgment because the internet "key words" or "ad words" they purchased do not constitute a misrepresentation or cause confusion under the Lanham Act.  However, Defendants cite no case law in support of their argument and merely make a factual argument that these ad words do not meet the requirements of the Lanham Act.  Plaintiff has presented facts that could lead a jury to conclude that Defendants' purchase of ad words does indeed meet the requirements of the Lanham Act.  Thus, there clearly remains a genuine issue of material fact, and summary judgment is not appropriate for Defendants on count II.

Plaintiff has argued that it is entitled to summary judgment on count II because it has satisfied all of the requirements of an unfair competition claim under

the Lanham Act. However, Defendants have disputed Plaintiff's factual contentions and therefore summary judgment is not appropriate for Plaintiff on count II because there remain contested issues of material fact.

### C. Count III: Anti-Cybersquatting Consumer Protection Act

Count III of the complaint alleges a violation of 15 U.S.C. § 1125(d), which prohibits a person with a "bad faith intent to profit" from using a protected mark (or one confusingly similar) of another. Defendants argue that they are entitled to summary judgment on count III because Defendants did not act with bad faith. However, Plaintiff has presented evidence that could lead a jury to conclude that Defendants did indeed act in bad faith. Whether Defendants acted in bad faith is a hotly contested issue of fact which must be resolved by a jury, and therefore summary judgment is not appropriate on Count III.

### D. Count IV: Florida Unfair Competition

Count IV alleges unfair competition by Defendants under Florida law. Defendants argue that they are entitled to summary judgment on count IV because Plaintiff was not damaged and Defendants did not act maliciously and willfully. Plaintiffs clearly dispute this contention, and thus there remain issues of material fact on count IV for the jury to determine. Furthermore, the legal standards for federal unfair competition claims and for common law unfair competition claims

8

are essentially the same. *See Monsanto Co. v. Campuzano*, 206 F.Supp. 2d 1252, 1267 (S.D. Fla. 2002)(citing *Tally-Ho, Inc. v. Coast Community College Dist.*, 889 F.2d 1018, 1025-26 and n.14 (11th Cir. 1989)). Thus, for the same reasons summary judgment is inappropriate on the federal unfair competition claim (Part B, *supra*) summary judgment is also denied on count IV.

### E. Count V: Violation of Fla. Stat. § 495.151

In count V, Plaintiff alleges that Defendants have diluted the mark "Bob Tyler" in violation of Fla. Stat. § 495.151. Defendants argue that they are entitled to summary judgment because Plaintiff has not proven irreparable harm, and because Defendants have ceased using the websites at issue.

Similar to unfair competition claims, the legal standards under the federal and Florida antidilution statutes are the same. *Rain Bird Corp. v. Taylor*, 665 F.Supp. 2d 1258, 1267 (N.D. Fla. 2009)(citing *Great Southern Bank v. First Southern Bank*, 625 So.2d 463, 471 (Fla. 1993)). To prevail on a federal dilution claim, and thus also on a Florida dilution claim, the plaintiff must demonstrate that: "(1) the plaintiff's mark is famous; (2) the defendant used the plaintiff's mark after the plaintiff's mark became famous; (3) the defendant's use was commercial and in commerce; and (4) the defendant's use of the plaintiff's mark has likely caused

9

dilution." *Rain Bird Corp.* at 1266-67 (citing *Jada Toys, Inc. v. Mattell, Inc.,* 518 F.3d 628, 633 (9th Cir. 2008)(citing 15 U.S.C. § 1125(c)(1)).

Under the plain language of § 495.151, neither irreparable harm nor continuing use is required to successfully bring an action under the statute. Defendants have provided no legal support for their argument to the contrary. Summary judgment on count V is denied.

### F. Count VI: Violation of Fla. Stat. § 668.704

In count VI, Plaintiff brings a claim under Fla. Stat. § 668.704, alleging that Defendants violated Fla. Stat. § 668.703(1). Section 668.703(1) provides in pertinent part:

> A person with an intent to engage in conduct involving the fraudulent use or possession of another person's identifying information may not represent oneself, directly or by implication, to be another person without the authority or approval of such other person through the use of a web page or Internet domain name and use that web page, Internet domain name, or a link to that web page or domain name or another site on the Internet to induce, request, or solicit a resident of [Florida] to provide identifying information.

Defendants argue that they are entitled to summary judgment on count VI because the evidence is insufficient. However, Plaintiff has presented evidence that Defendants solicited personal information on one of its domain names through a tab seeking credit applications. This is sufficient to create an issue of material

fact that must be determined by the jury, and therefore summary judgment is not appropriate on count VI for either party.

## G. Punitive Damages

Defendants also request summary judgment on Plaintiff's claim for punitive damages. Defendant first argues it is entitled to summary judgment on punitive damages because Plaintiff has failed to prove actual damages, citing a Southern District of Florida case where punitive damages were vacated after the jury's award of compensatory damages was vacated. *See Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, 432 F.Supp. 2d 1319, 1355 (S.D. Fla. 2006). In the instant case a jury has yet to determine if Plaintiff is entitled to any damages, therefore a ruling on the validity of punitive damages is premature.

Defendants also argue they are entitled to summary judgment on the issue of punitive damages because Plaintiff has not sufficiently proven intentional misconduct or gross negligence. Plaintiff has alleged facts that could lead a reasonable jury to conclude that intentional misconduct or gross negligence occurred. Therefore, it is clear that this is a disputed issue of fact that must be resolved by the jury, and summary judgment is not appropriate.

## IV. CONCLUSION

Defendants' motion for summary judgment (Doc. 80) and Plaintiff's motion for summary judgment (Doc. 87) are **denied**.

**ORDERED** on September 23, 2010.

                                    **/s/ Richard Smoak**
                                    **RICHARD SMOAK**
                                    **UNITED STATES DISTRICT JUDGE**