IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PENSACOLA MOTOR SALES,**
**a Florida corporation, d/b/a**
**BOB TYLER TOYOTA,**

      **Plaintiff,**

v.                               Case No. 3:09cv571/RS-MD

**EASTERN SHORE TOYOTA, LLC,**
**an Alabama Limited Liability Company;**
**DAPHNE AUTOMOTIVE, LLC, an**
**Alabama Limited Liability Company;**
**SHAWN ESFAHANI, Individually;**
**and DAPHNE ENTERPRISES, INC.,**
**an Alabama Corporation,**

      **Defendants.**

_____/

## **AMENDED ORDER**

Before me is Plaintiff's Motion for New Trial (Doc. 180). Plaintiff asserts three grounds for a new trial under Fed. R. Civ. P. 59:

1. The jury verdict was inconsistent with the evidence.

2. The jury instructions were improper.

3. The verdict form was improper.

## Jury Verdict

The review of a district court's grant of a new trial is "extremely stringent" when the district court discards a verdict on the grounds that it is against the great weight of the evidence. *Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.,* 571 F.3d 1143, 1145 (11th Cir. 2009). This rigorous standard of review is intended to ensure that a district court does not simply substitute its own credibility choices and inferences for the reasonable choices and inferences made by the jury. *Id.*

In the instant case, a verdict for Defendants was not against the great weight of the evidence. Based on the evidence presented at trial, it was reasonable for a jury to conclude that Plaintiff failed to meet its burden, and to return a verdict for Defendants. The jury spent hours deliberating into the late evening and returned the following day for additional deliberation. The verdict form was properly completed and based on the jury's answers, it appears they carefully considered all of the evidence and evaluated each "microsite" individually, making a different determination for each site. I find no basis to decide that the jury's verdict was against the great weight of the evidence.

## Jury Instructions

Plaintiff's arguments regarding the jury instructions have already been ruled on as without merit. The jury instructions precisely tracked the language of the

statute, 15 U.S.C. § 1125.  The statute clearly provides that bad faith intent "shall not be found in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was fair use or otherwise lawful."  15 U.S.C. § 1125(d)(1)(B)(ii).  Plaintiff's objection is therefore with the language of the statute itself, not the jury instructions.

## Verdict Form

Similarly, Plaintiff's argument that the verdict form was improper is also without merit.  The verdict form also tracked the language of the statute precisely.

## Conclusion

Plaintiff's motion (Doc. 180) is **denied**.

**ORDERED** on November 19, 2010.

        **/s/ Richard Smoak**
        **RICHARD SMOAK**
        **UNITED STATES DISTRICT JUDGE**