IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PENSACOLA MOTOR SALES,**
a Florida corporation, d/b/a
**BOB TYLER TOYOTA,**

    **Plaintiff,**

v.                                    Case No. 3:09cv571/RS-MD

**EASTERN SHORE TOYOTA, LLC,**
an Alabama Limited Liability Company;
**DAPHNE AUTOMOTIVE, LLC,** an
Alabama Limited Liability Company;
**SHAWN ESFAHANI, Individually;**
and **DAPHNE ENTERPRISES, INC.,**
an Alabama Corporation,

    **Defendants.**

_____/

## AMENDED ORDER

Before me is Plaintiff's motion for judgment as a matter of law (Doc. 181).

### Background

After the close of evidence at trial, pursuant to Fed. R. Civ. P. 50 I granted judgment as a matter of law to Defendants on Plaintiff's dilution, unfair competition, and false advertising claims, as well as Plaintiff's claim pursuant to Fla. Stat. §668.701. This left only Plaintiff's claim under the Anti-Cybersquatting

Consumer Protection Act for determination by the jury, which ultimately returned a verdict in favor of Defendant. Plaintiff now moves post-trial for reconsideration of my order granting judgment for Defendants, and judgment as a matter of law on all of Plaintiff's claims.

Analysis

Pursuant to Fed. R. Civ. P. 50, the court may grant a party's motion for judgment as a matter of law if a reasonable jury would not have a legally sufficient evidentiary basis to find for the other party. Thus, a district court's proper analysis is "squarely and narrowly focused on the sufficiency of evidence." *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1251 (11th Cir. 2007)(citing *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007)).

Plaintiff's motion for reconsideration on my ruling granting judgment as a matter of law for Defendants on Plaintiff's claim pursuant to Fla. Stat. §668.701 is denied. At trial, Plaintiff failed to show any evidence of Defendants actually collecting the statutorily-enumerated personal information, or proof that the information was collected from a Florida resident. Therefore, the evidence was insufficient for a reasonable jury to find in favor of Plaintiff.

Plaintiff's motion for reconsideration on my ruling granting judgment as a matter of law for Defendants on Plaintiff's dilution, false advertising, and state and

federal unfair competition claims is also denied. All of these claims sought injunctive relief, but Plaintiff failed to demonstrate a likelihood of a future injury. The law requires a reasonable likelihood of future injury to warrant the equitable relief of an injunction. *See Fram Corp. v. Boyd,* 230 F.2d 931, 934 (5th Cir. 1956);[1] *Dolgencorp, Inc. v. Winn-Dixie Stores, Inc.,* 2 So.3d 325, 327 (Fla. 4th DCA 2008). Because the evidence was legally insufficient to support the equitable relief sought by Plaintiff, these claims were properly dismissed.

Finally, Plaintiff's motion for judgment as a matter of law on the Anti-Cybersquatting claim is denied. The evidence presented at trial was legally sufficient for a reasonable jury to find in favor of Defendants, and therefore judgment as a matter of law is not appropriate.

## Conclusion

Plaintiff's motion (Doc. 181) is **denied.**

**ORDERED** on November 19, 2010.

                                                            **/s/ Richard Smoak**
                                                            **RICHARD SMOAK**
                                                            **UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir.1981), the decisions of the Fifth Circuit before September 30, 1981 are binding precedent on all federal courts within the Eleventh Circuit.